**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALINA FLATSCHER, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE MANHATTAN SCHOOL OF MUSIC,<br><br>Defendant. | Case No.:<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Alina Flatscher ("Plaintiff"), alleges against Defendant The Manhattan School of Music ("Defendant") as follows:

**NATURE OF THE CASE**

1. This is an action for breach of contract, unjust enrichment, conversion and violation of New York's consumer protection statute against the Defendant.

2. Specifically, as set forth more fully below, Plaintiff and the putative Class members contracted with Defendant for certain services and paid for those services in the form of tuition and other fees. As a result of limitations Defendant imposed, Defendant did not deliver the services that Plaintiff and the putative Class contracted and paid for.

3. Alternatively, Defendant has been unjustly enriched.

4. Alternatively, Defendant has converted the property of the Plaintiff and the putative Class members.

5. Alternatively, Defendant has violated New York's consumer protection statute.

6. As a result, Plaintiff and the putative Class are entitled to a refund on tuition and fees paid for services, facilities, access and/or opportunities not delivered.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendant because Defendant conducts business in New York and has sufficient minimum contacts with New York.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

10. Plaintiff Alina Flatscher attended school at Defendant's institution.

11. Defendant The Manhattan School of Music is a private university located in New York, New York.

## FACTS

12. Plaintiff was enrolled as a full-time student for the Spring 2020 Semester at Defendant's institution.

13. As a precondition for enrollment, Plaintiff was required to and did pay tuition and certain fees, as did members of the putative Class.

14. There are many institutions of higher learning in this country.

15. Many institutions of higher learning offer curriculum and instruction that is offered on a remote basis through online learning which does not provide for physical attendance by the students.

16. Defendant's institution offers in-person, hands on curriculum, instruction and coaching

17. The tuition and fees for in-person instruction at Defendant's institution are higher than tuition and fees for online institutions because the former's costs cover not just the academic and musical instruction, but encompass an entirely different experience which includes, but is not limited to:

    (a) Face to face interaction with professors, mentors, coaches and peers;

    (b) Access to facilities such as music rooms, study rooms, and libraries;

    (c) Student governance and student unions;

    (d) Extra-curricular activities and groups;

    (e) Student music, student art, cultures, and other activities;

    (f) Social development and independence;

    (g) Participation in public performances;

    (h) Hands on learning and experimentation; and

    (i) Networking and mentorship opportunities.

18. Plaintiff enrolled at Defendant's institution to earn a degree that included the benefit of taking courses at the campus with live teacher interaction.

19. Defendant uses an educational calendar of two semesters.

20. Spring Recess was from March 2 to March 15, 2020.

21. On March 23, 2020, Defendant announced that all class were moving online.

22. Defendant also announced that Spring Break would be extended to three weeks instead of two weeks.

23. Defendant announced that classes were extended to May 15 during the same week of final exams, but the classes did not meet with regularity during that extra week.

24. On May 15, 2020, Defendant cancelled its graduation ceremonies and instead held an on-line "toast" and no graduate's names were announced.

25. Defendant has also announced that no diplomas will be given out until at or about August 1, 2020 as they are having difficulty determining which students officially graduated.

26. Defendant suspended or restricted in-person on-campus activities.

27. Defendant also stated that they would make refunds of food purchases paid for in advance via the Chartwell system, but no refunds have been received to date by Plaintiff or members of the putative Class.

28. Although Defendant offered some level of academic instruction via online classes, Plaintiff and members of the putative Class were deprived of the benefits of on-campus and public learning and public performances as set forth more fully above.

29. To date, Defendant has failed and continues to fail to refund any portion of Plaintiff's and the putative Class members' Spring 2020 Semester tuition payment.

30. Moreover, Plaintiff and members of the putative Class were deprived of fully utilizing services for which they already paid, including, but not limited to, access to campus facilities, public space and other opportunities.

31. To date, Defendant has failed to adequately and properly refund various fees to Plaintiff and the putative Class members for university services which Defendant failed to provide as previously agreed upon.

## CLASS REPRESENTATION ALLEGATIONS

32. Plaintiff brings this action on behalf of herself and for a class of persons defined as:

All students who enrolled at The Manhattan School of Music for the Spring 2020 Semester, and who paid tuition, mandatory fees, or voluntary fees for services and privileges that The Manhattan School of Music has failed to fully provide, and whose tuition and/or fees have not been refunded.

33. The exact number of members of the Class is believed to be so numerous that joinder of all members into one action is impractical. Upon information and belief, the Class includes all students who enrolled at any school or department of Defendant for the Spring 2020 Semester.

34. The claims raised by Plaintiff are typical of the claims of the Class and all claims are based on the same general legal theories and claims for relief.

35. There are common questions of law and fact that relate to and affect the rights of each member of the Class and these questions predominate over any questions affecting only individual members. The common issues include, but are not limited to:

(a) Whether Plaintiff and the other members of the Class paid tuition and other fees to Defendant for the Spring 2020 Semester;

(b) Whether Defendant accepted the tuition and other fees from Plaintiff and the other members of the Class for the Spring 2020 Semester;

(c) Whether Defendant failed to deliver what it agreed to deliver to Plaintiff and the other members of the Class;

(d) Whether Plaintiff and the other members of the Class have been deprived of the benefit of their bargain with Defendant;

(e) Whether Defendant breached its agreement with Plaintiff and the other members of the Class;

(f) Whether in the alternative, Defendant has been unjustly enriched by its retention of the tuition and other fees it received while it simultaneously failed to deliver to Plaintiff and the other members of the Class what it promised and represented it would deliver;

(g) Whether in the alternative, Defendant has converted the property of Plaintiff and the other members of the Class:

(h) Whether in the alternative, Defendant has violated New York's consumer protection laws; and

(i) Whether in equity and good conscience Defendant should be compelled to refund to Plaintiff and the other members of the Class all or a portion of the tuition and fees it is holding.

36. Plaintiff's claims are typical of the claims of the members of the Class. Each claim asserted by the Class arises from the same facts, circumstances, and Defendant's course of conduct and practices. Plaintiff's legal theories are the same that will be asserted on behalf of the Class; namely, money damage claims arising from breach of contract or, in the alternative, for unjust enrichment.

37. There is no conflict between Plaintiff and other members of the Class with respect to this action or with respect to the claims for relief set forth herein.

38. Plaintiff will fairly and adequately protect the interests of all Class members in the prosecution of this action and in the administration of all matters relating to the claims raised in this lawsuit. Plaintiff is similarly situated with all Class members who paid tuition and other fees for the Spring 2020 Semester, and Plaintiff has sustained damages similar to those sustained by the members of the Class sought to be represented.

39. Plaintiff has retained the services of attorneys who are experienced and capable in prosecuting class action lawsuits. Neither Plaintiff nor Plaintiff's counsel have any interests which might prevent them from vigorously pursuing this action.

40. Maintaining this action as a class action is superior to all other available methods of adjudication because it will promote the convenient administration of justice and will achieve a fair and efficient adjudication of the controversy in this matter, which will affect the interests of tens of thousands of potential class members.

41. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications that would confront Defendant with incompatible standards of conduct.

42. The dollar amount of the individual claims is insufficient to support separate actions, thus a multitude of potential claimants have small potential damages that require aggregation in order to be pursued.

43. This lawsuit is manageable as a class action because the proofs are essentially the same for all members of the Class on all of the principal issues.

44. Defendant's conduct was the same as to all members of the Class.

45. The Class members do not have a significant interest in controlling the prosecution of separate actions involving the subject matter of this litigation, especially because the individual claims are too small individually to warrant litigating their claims on an individual basis.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

46. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

47. Plaintiff brings this count on behalf of herself and the putative Class.

48. Through the admission agreement and payment of tuition and fees, Plaintiff and the putative Class members entered into a binding contract with Defendant.

49. As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services.

50. Defendant failed to fully provide those services and has otherwise not performed under the contract as set forth above.

51. Plaintiff and the putative Class members have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to, being deprived of the experience and services to which they were promised and for which they already paid.

52. As a direct and proximate result of Defendant's breach, Plaintiff and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to, reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant failed to fully deliver.

## SECOND CAUSE OF ACTION

### (Unjust Enrichment)

53. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

54. Plaintiff brings this action on behalf of herself and the putative Class.

55. Plaintiff and members of the putative Class conferred benefits on Defendant by, *inter alia*, paying tuition and other fees in exchange for provision of certain services and promises.

56. Defendant has realized this benefit by accepting such payments.

57. Defendant has retained these benefits, even though Defendant failed to fully provide the services for which the fees were collected, making Defendant's retention of the full payments unjust under the circumstances.

58. It is against equity and good conscience to allow Defendant to retain 100% of the tuition and fees paid to it by Plaintiff and the other members of the Class despite having reduced the services it provided to Plaintiff and the other members of the Class.

59. Defendant has been unjustly enriched in an amount to be decided by the trier of fact at trial, and Plaintiff and the other members of the Class seek the disgorgement of these funds, plus interest.

## THIRD CAUSE OF ACTION

### (Conversion)

60. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

61. Plaintiff brings this count on behalf of herself and other members of the Class.

62. The two key elements of conversion are (a) Plaintiff's legal ownership or an immediate superior right of possession to a specific identifiable thing, and (b) Defendant's unauthorized dominion over the thing in question or interference with it, to the exclusion of

Plaintiff's right.

63. Plaintiff, and members of the Class, have an identifiable legal ownership to the right and services of an in-person, on-campus educational experience and paid tuition funds and fees for the same.

64. As set forth above, Defendant has not provided those services or access, to the exclusion of Plaintiff's and other members of the Class's rights.

65. As set forth above, Plaintiff has not, to date, received from Defendant a proper reimbursement for tuition and fees paid to Defendant for the Spring 2020 semester.

66. Defendant has received and retained possession of Plaintiff's full payments for tuition and fees for the Spring 2020 semester.

67. Defendant's continued possession of the full payments for Spring 2020 semester tuition and fees is adverse and in derogation of Plaintiff's entitlement to such funds.

68. Defendant refuses to remit Plaintiff's a reimbursement for tuition and fees paid for the Spring 2020 semester.

69. Defendant has therefore converted and continues to convert Plaintiff's Spring 2020 semester tuition and fees paid.

## FOURTH CAUSE OF ACTION

### (Violation of NY General Business Law § 349, *et seq.*)

70. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

71. Plaintiff brings this count on behalf of herself and other members of the Class.

72. New York General Business Law § 349: Deceptive Acts and Practices Unlawful provides consumer protection by declaring as unlawful "Deceptive acts or practices in the conduct

of any business, trade or commerce or in the furnishing of any service in this state . . . ."

73.  Defendant, through its agents, servants, and employees, engaged in unlawful, unfair, deceptive and fraudulent acts and practices in violation of New York General Business Law § 349 by engaging in the activities described herein.

74.  Defendant is a private university which, among other things offered in-person, hands-on curriculum to Plaintiff and its efforts to sell its services to prospective students, which included Plaintiff and the other Class Members, were "consumer-oriented."

75.  Plaintiff is a consumer who has paid substantial tuition and fees to attend in-person, hands on curriculum at Defendant's institution for the Spring 2020 semester.

76.  Defendant's efforts to sell its services to prospective students, which included Plaintiff, were "consumer-oriented."

77.  As part of its marketing practices and recruitment efforts, Defendant made numerous statements, representations and omissions to the public (including Plaintiff and members of the Class) with respect to the in-person educational opportunity and on-campus experience that students who enrolled at Defendant would receive. These statements, representations and omissions, which were uniform and identical in nature, were intended to induce potential students, including Plaintiff and members of the Class, to enroll at Defendant for the Spring 2020 semester.

78.  In reasonable reliance upon the foregoing statements, representations and omissions, Plaintiff and members of the Class enrolled at Defendant's institution. They did so not only to receive in-person academic and musical instruction but also an on-campus experience, as more fully described above.

79.  Defendant's statements, representations and omissions therefore, were material to the decisions by Plaintiff and members of the Class to enroll and attend Defendant's institution,

and further proximately caused them to pay inflated tuition and fees because they were deprived of in-person academic and musical instruction and an on-campus experience for the full Spring 2020 semester.

80. Therefore, the aforementioned statements, representations and omissions made by Defendant were objectively false, misleading and deceptive to Plaintiff and the other Class members, as well as the public at large.

81. Defendant's above-alleged actions constitute unfair business practices since the actions were deceptive and injurious to Plaintiff and other members of the Class because they enrolled as students for the Spring 2020 semester at Defendant's institution with the reasonable expectation that they would be entitled to benefit from on-campus academic and musical instruction and a unique on-campus experience during the entire spring semester.

82. Defendant's acts and practices were designed to lead potential students, including Plaintiff and members of the Class, to believe that if they enrolled at Defendant's institution then they would be entitled to receive in-class academic and musical instruction and a unique campus experience for the entire Spring 2020 semester.

83. Plaintiff and the other Class Members were deceived and injured because they did not receive in-class academic and musical instruction and a unique campus experience for the entire Spring 2020 semester.

84. As a result of Defendant's foregoing violations of New York General Business Law § 349, Defendant has directly and proximately caused damage to Plaintiff and other members of the Class and are entitled to recover actual damages in an amount to be determined at trial, and an award of reasonable attorney's fees, expenses, costs and disbursements.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

    A.    Certifying the Class as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel Gainey McKenna & Egleston as Class Counsel;

    B.    Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

    C.    Declaring that Defendant has wrongfully kept monies paid for tuition and fees;

    D.    Requiring that Defendant disgorge amounts wrongfully obtained for tuition and fees;

    E.    Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition and fees;

    F.    Scheduling a trial by jury in this action;

    G.    Awarding Plaintiff reasonable attorney's fees, costs and expenses, as permitted by law;

    H.    Awarding pre and post judgment interest on any amounts awarded, as permitted by law; and

    I.    Awarding such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 11, 2020

                    **GAINEY McKENNA & EGLESTON**

                    By: */s/ Thomas J. McKenna*
                        Thomas J. McKenna
                    Gregory M. Egleston
                    501 Fifth Avenue, 19th Floor
                    New York, NY 10017
                    Tel.: (212) 983-1300
                    Email: tjmckenna@gme-law.com
                    Email: gegleston@gme-law.com

                    *Attorneys for Plaintiff*